CLD-300                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4093
_____

OMOROVBIYE ODIGIE-HOPSON,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A075-872-051)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted For a Decision on Respondent's Motion to Dismiss for
Lack of Jurisdiction Or, In The Alternative, For Summary Disposition
September 27, 2012

Before: RENDELL, HARDIMAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 1, 2012 )
_____

OPINION
_____

PER CURIAM

Omorovbiye Odigie-Hopson, a native and citizen of Nigeria, was admitted to the

United States in 1996 and overstayed her visa.  In 2000, she filed an application for

asylum, withholding of removal, and protection under the Convention Against Torture

(CAT), claiming that she would face religious persecution if forced to return to Nigeria. The Immigration Judge (IJ) denied relief, and, by order entered December 10, 2002, the Board of Immigration Appeals (BIA or Board) affirmed. Odigie-Hopson did not seek this Court's review of that order.

Approximately nine years later, on February 4, 2011, Odigie-Hopson filed a motion to reopen the proceedings on the ground that conditions in Nigeria had worsened. See 8 U.S.C. § 1229a(c)(7)(C)(ii). The BIA denied relief on August 12, 2011. Odigie-Hopson filed a timely petition for review of the BIA's order.

It appears, however, that Odigie-Hopson seeks review of the IJ's 2001 decision instead. Odigie-Hopson's brief is devoted exclusively to arguing that the IJ abused his discretion in denying her application for relief; specifically, she claims that the IJ's adverse credibility determination was "irrational," and that the IJ erred in requiring corroborating evidence. (Petitioner's Br., p. 4-5.) We lack jurisdiction to review either the IJ's 2001 decision or the Board's 2002 decision adopting and affirming it. See 8 U.S.C. § 1252(b)(1) (stating that a petition for review must be filed not later than 30 days after the date of the final order of removal); Stone v. INS, 514 U.S. 386, 405 (1995) (explaining that the time limit for filing a petition for review is mandatory and jurisdictional).

Furthermore, to the extent that Odigie-Hopson's brief can be construed as seeking review of the Board's August 12, 2011 denial of her motion to reopen, we note that she fails to challenge any specific aspect of that decision. Therefore, any such challenge has

2

been waived.  See Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010).  In any event, it does not appear to us from the record that the Board abused its discretion in denying reopening.  As the Board explained, her motion was untimely filed, see 8 U.S.C. § 1229a(c)(7)(C)(i), and she did not demonstrate that one of the statutory or regulatory exceptions to the time limit applied in her case, see id. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).

For the foregoing reasons, we will grant the Government's motion, and dismiss in part and deny in part the petition for review.  See Third Cir. LAR 27.4 and I.O.P. 10.6.